IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RACHEL CHEDESTER,** | ) |
| **Plaintiff,** | ) ) ) ) |
| vs. | ) ) ) Case No. 21-cv-2250-DDC |
| **CITY OF BASEHOR, KANSAS, MIDWEST SPORTS PRODUCTIONS LLC, AND NATIONAL YOUTH SPORTS SANCTIONING ORGANIZATION, LLC A.K.A. TROY WISEMAN D.B.A FIELD OF DREAMS)** | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER GRANTING MOTION FOR SUBSTITUTION OF PARTY

This matter comes before the Court on Plaintiff's Statement Noting a Party's Death and Motion for Substitution of Party (ECF No. 112). In accordance with Fed. R. Civ. P. 25 (a)(1)-(3), counsel for Plaintiff gives notice and suggests upon the record that counsel recently discovered the death of Rachel Chedester, the named Plaintiff in this action, who passed away on August 4, 2022. The motion states Plaintiff's husband, Jeremy Chedester, is the Personal Representative of the Estate of Rachel Chedester, and requests that Jeremy Chedester, as Personal Representative of the Estate of Rachel Chedester, be substituted in place of Rachel Chedester as Plaintiff in this action so that decedent's claims survive and the action may proceed on her behalf. Defendants have advised the Court they do not oppose the motion.

Federal Rule of Civil Procedure 25(a) governs the procedure for substitution of a deceased party. If the deceased party's claim is not extinguished, Rule 25(a)(1) permits the court to order the substitution of a deceased party with the proper party, subject to the following:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days

after service of a statement noting the death, the action by or against the decedent must be dismissed.[1]

In this case, the Motion for Substitution of Party was filed in the same document as the Statement noting the death of Plaintiff. The motion is therefore timely filed under Fed. R. Civ. P. 25(a)(1).

Substitution under Rule 25(a)(1) is permitted only if the party's claim is not extinguished and survives the death of the party. The Kansas survival statute, K.S.A. 60-1801, identifies specific causes of action that survive the person's death:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, *or for an injury to the person*, or to real or personal estate, or for any deceit or fraud, or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.[2]

Plaintiff filed this lawsuit asserting Kansas negligence claims against Defendants for personal injuries sustained from a fall while attending a softball game in Basehor, Kansas. The Court finds Plaintiff's causes of action are for injuries to her person and therefore under the Kansas survival statute, K.S.A. 60-1801, survive and are not extinguished upon her death.

The Kansas Court of Appeals has further held that "[a] cause of action for personal injury to a person survives the death of that person. Such an action, which is personal to the decedent, may be brought on behalf of the decedent's estate by a personal representative."[3] The personal representative of Plaintiff's estate is therefore a proper party to be substituted in this case for the deceased Plaintiff to prosecute her claims.

---

[1] Fed. R. Civ. P. 25(a)(1).

[2] K.S.A. 60-1801 (emphasis added).

[3] *Bonura v. Sifers*, 39 Kan. App. 2d 617, 629, 181 P.3d 1277, 1285 (2008).

**IT IS THEREFORE ORDERED** that the Motion for Substitution of Party (ECF No. 112) is granted. Pursuant to Fed. R. Civ. P. 25(a)(1), Jeremy Chedester, as Personal Representative of the Estate of Rachel Chedester, is hereby substituted for the now deceased Plaintiff Rachel Chedester. The Clerk of the Court is hereby directed to make this substitution in the docket. The caption of all future pleadings shall reflect this substitution of Plaintiff.

IT IS SO ORDERED.

Dated this 17th day of November, 2022, at Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge